## Coane v. City of Philadelphia et al.

*Simon Pearl* and *Henry Arronson*, for plaintiff.

*Charles H. Hassert*, assistant city solicitor, for defendants.

FERGUSON, P. J., July 7, 1931.—This is a petition for mandamus to require the City of Philadelphia, by its proper officials, to issue a permit for the construction of a gasoline filling station on property at the southeast corner of Lincoln Drive and Mt. Pleasant Avenue in the said city. A motion was made on behalf of defendants to quash the writ, but upon argument it was agreed that the motion to quash be regarded as a demurrer, and it was stated no answer would be filed denying the averments of the petition.

On October 16, 1930, Council of the City of Philadelphia, by ordinance, provided that "no additional public gasoline or filling stations shall be located or erected on Lincoln Drive between Mt. Pleasant Avenue and Sedgwick Street." Plaintiff made application for permission to erect on his premises at the southeast corner of Lincoln Drive and Mt. Pleasant Avenue a public gasoline and filling station, which permit was refused by the Bureau of Building Inspection because of the passage of the ordinance referred to. On the east side of Lincoln Drive between Mt. Pleasant Avenue and Sedgwick Street three gasoline stations have been erected, one on petitioner's property, one on the adjoining property operated by the American Oil Company and one on the next property running down to Sedgwick Street, operated by the Standard Oil Company. Behind these three gasoline stations are the tracks of the Pennsylvania Railroad. On the west side of Lincoln Drive are another gasoline filling station and a garage where gasoline and fuel oil products are sold. Plaintiff desires to erect another gasoline station on his property on the southeast corner in place of or in addition to the one now there.

We are of opinion the ordinance in question is not a regulation but a prohibition. It is unreasonable and discriminatory. In effect, it prohibits competition with the gasoline stations already constructed. It is well established

that ordinances must be uniform, fair and impartial in their operation. They must be reasonable, and not arbitrary. There can be no discrimination against those of the same class, and if they are intended as regulations they must apply to all of a class. It, therefore, becomes our duty to declare the ordinance unconstitutional and void.

Judgment must be entered for the plaintiff and a mandatory writ directed to be issued.